## CIRCUIT COURT OF BEDFORD COUNTY

Commonwealth of Virginia

 v.

Odie Owen Ruff

Commonwealth of Virginia

 v.

Glenn Wilton Ruff

January 12, 1973

By JUDGE WILLIAM W. SWEENEY

 I have reviewed your authorities in the two captioned cases tried by a jury in Bedford on December 12, 1972. After a study of the authorities and a review of the evidence, it is my opinion that the jury verdicts should be sustained in both cases and on both counts. Briefly stated, my reasons are as follows:

 1. Viewing the evidence in a light most favorable to the Commonwealth, I believe that the Commonwealth presented sufficient evidence, expert and otherwise, to justify the jury's conclusion that the defendants, and each of them, had in their actual or constructive possession a firearm within one hundred yards of the still where alcoholic beverages were being unlawfully manufactured in violation of Section 4-83, Code of Virginia.

 2. I do not think it was the intent of the Legislature that Subsection (d) of Section 4-57 stating that "the presence of mash at an unlicensed distillery

shall constitute manufacture" should apply only to that particular section and not to other sections within Title 4 where manufacturing is required. The expression "Manufacture . . . as herein defined" in Section 4-83 should be read in conjunction with Section 4-57(d).

3. It would be illogical to interpret Section 4-83 in such a way that a defendant could be found guilty of manufacturing alcoholic beverages but not guilty of keeping a firearm there because the manufacturing had not been proven. The purpose of Section 4-83 was to prevent people being shot by operators of the still. Whether alcohol was actually running out the pipe of the still at the time should make no difference. A full review of the evidence in this case clearly shows that the defendants were doing more than just "camping out" by the still when they were apprehended. The loaded gun near the still was a danger to the officers who had good reason to fear the defendants.

4. The defendants elected to be tried together and on both charges; manufacturing and possession of a firearm. The jury has found them both guilty of manufacturing and I have entered judgment on the verdicts. To now hold that they were "manufacturing for one purpose and not "manufacturing" for another would seem highly artificial and illogical.

5. The cases cited by the defendants are distinguishable on their facts.